IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| UNITED STATES OF AMERICA | |
|---|---|
| v. | CRIMINAL ACTION FILE |
| DAMANI MIZELL, | NO. 1:18-CR-402-MHC-JSA |
| Defendant. | |

## ORDER

This action comes before the Court on the Final Report and Recommendation ("R&R") of Magistrate Judge Justin S. Anand [Doc. 57] recommending that Defendant's Motion to Suppress Evidence [Doc. 20] be denied. The Order for Service of the R&R [Doc. 58] provided notice that, in accordance with 28 U.S.C. § 636(b)(1), the parties were authorized to file objections within fourteen (14) days of the receipt of that Order. Defendant has filed his objections to the R&R [Doc. 62] ("Def.'s Objs.").

I.    **LEGAL STANDARD**

In reviewing a Magistrate Judge's R&R, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties

filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)). If there are no specific objections to factual findings made by the Magistrate Judge, there is no requirement that those findings be reviewed *de novo*. Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993) (citations omitted). Absent objection, the district court judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and may accept the recommendation if it is not clearly erroneous or contrary to the law. FED. R. CRIM. P. 59(a). In accordance with 28 U.S.C. § 636(b)(1) and Rule 59 of the Federal Rules of Criminal Procedure, the Court has conducted a *de novo* review of those portions of the R&R to which Defendant objects and has reviewed the remainder of the R&R for plain error. See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

## II. DISCUSSION

### A. Factual Findings

Defendant objects to three factual findings made by Judge Anand. First, he objects to the characterization of the Texaco gas station where Defendant's

automobile was present as "defunct," because an officer's body camera footage showed other operating businesses nearby. Def.'s Objs at 1-2. However, the direct testimony of City of Atlanta Police Officer Larenzo Carter supports Judge Anand's finding:

> Q. What is the history that you're aware of with this gas station in the community?
> A. Well, this particular gas station is in zone one, and the commander of zone one has also retrieved several complaints about this place where people loiter outside the business using drugs, selling drugs. We've had a couple shootings at that particular area. Mostly it's a lot of drug selling at that gas station, which is not functioning as a gas station.
> Q. What do you mean by that?
> A. The gas pumps don't work.

Tr. of Mar. 26, 2019, Suppression Hr'g [Doc. 38] ("Tr. II") at 5-6. Moreover, regardless of the characterization of the gas station as "defunct,"[1] there was undisputed testimony that the gas station and parking lot area were known for drug trafficking. Id. at 6; Tr. of Mar. 14, 2019, Suppression Hr'g [Doc. 33] ("Tr. I") at 6. See also R&R at 2 ("The officer purposefully targeted this location for a patrol because the location is known as a locus of drug trafficking activity.").

Second, Defendant objects to Judge Anand's finding that officers "saw the Defendant repeatedly reach into a pocket and discard items," later retrieved and

---

[1] In other portions of the R&R, Judge Anand referred only to the gas pumps as "defunct." R&R at 2.

3

found by officers to be marijuana, a cell phone, and a pill bottle with residue. Def.'s Objs. at 2 (citing R&R at 2). Defendant contends that this was not recorded by the officer's body camera, which would have been the best evidence of the conduct. Def.'s Obj. at 2.

The factual finding is supported by the testimony of City of Atlanta Police Officer James Dougherty, who testified that, after observing a number of people in the parking lot of the gas station, an African American male (later identified as Defendant) on a red scooter wearing no helmet was leaving the location. Tr. I at 7. Based on the absence of a helmet, a patrol car pursued him and observed Defendant "to reach at his left side and pull stuff out of his pockets." Id. at 8. After "he finished pulling things out of his pocket and yelling back at us as we're yelling at him to stop," Defendant stopped and Officer Dougherty went back to the area where items were discarded by Defendant and found "a little bit of marijuana, a pill bottle that had some residue of something in it, and his cell phone that he had also dropped to the ground." Id. at 8-9.

Third, Defendant objects to the factual finding that City of Atlanta Police Officer Robert Godwin's K-9 dog alerted them to a brown Cadillac parked near the gas station, which established probable cause to search the car; Defendant contends the dog is unreliable because the dog gave false positive results on one occasion.

4

Def.'s Objs. at 3, 8. However, Officer Godwin testified that this was the only time in seven years that the K-9 dog registered a false positive result, and at that one time, Officer Godwin himself smelled the residual odor of drugs when he entered the car. Tr. I at 19-21, 26-28. To the extent Defendant questions the veracity of Officer Godwin's testimony, "[i]n evaluating the factual version of events between the law enforcement officer[ ] and [the defendant], we should defer to the magistrate judge's determination unless his understanding of the facts appears to be 'unbelievable.'" United States v. Ramirez-Chilel, 289 F.3d 744, 749 (11th Cir. 2002) (citing United States v. Rivera, 775 F.2d 1559, 1561 (11th Cir. 1985)). The Court finds that Judge Anand's finding is supported by credible testimony.

### B. Warrantless Search of a Parked Automobile

Finally, Defendant argues that the automobile exception to the requirement of a search warrant applies to traffic stops and should not apply to a parked car whose driver has already been arrested. Def.'s Objs. at 2. Defendant acknowledges binding precedent in this Circuit that holds otherwise but wishes to preserve his objection for further review. Id. at 1. Indeed, as stated by Judge Anand, the automobile exception "applies more broadly to all vehicles readily *capable* of moving, whether the police encountered the vehicle while it was moving or not." R&R at 6 (citing United States v. Delva, 922 F.3d 1228, 1245

5

(11th Cir. 2019) (upholding warrantless search of a car that was parked in an area "not within the curtilage of the townhouse" where the defendants conducted their illegal activities).

## III. CONCLUSION

Accordingly, after a *de novo* review of those portions of the R&R to which Defendant objects, the Court **OVERRULES** his objections [Doc. 62]. Finding no clear error in the remaining portions of the R&R, the Court **ADOPTS** the R&R [Doc. 57] as the Opinion and Order of the Court.

It is hereby **ORDERED** that Defendant's Motion to Suppress Evidence [Doc. 20] is **DENIED.**

It is further **ORDERED** that the time between the date the Magistrate Judge certified Defendant ready for trial on July 29, 2019, and the issuance of this Order, shall be excluded in calculating the date on which the trial of this case must commence under the Speedy Trial Act because the Court finds that the delay is for good cause, and the interests of justice in considering Defendant's objections to the Report and Recommendation outweigh the right of the public and the right of the Defendant to a speedy trial, pursuant to 18 U.S.C. § 3161, *et seq.*

**IT IS SO ORDERED** this 15th day of August, 2019.

_____
MARK H. COHEN
United States District Judge